WO                                                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Darrin Isham, | No. CV 13-1134-PHX-JAT (JFM) |
| Plaintiff, | |
| vs. | **ORDER** |
| Susan L. Luder, et al., | |
| Defendants. | |

On June 5, 2013, Plaintiff Michael Darrin Isham, who is confined in the Arizona State Prison-Kingman in Kingman, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). In a June 11, 2013 Order, the Court noted that Plaintiff had not paid the $400.00 filing and administrative fees or filed an Application to Proceed *In Forma Pauperis*. The Court gave Plaintiff 30 days to either pay the filing and administrative fees or file an Application to Proceed *In Forma Pauperis*.

On July 1, 2013, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. 4). On July 5, 2013, he filed a second Application to Proceed *In Forma Pauperis* (Doc. 6). On August 5, 2013, he filed:

    (1)    a Document entitled "Waiver of Court Fees and Costs" (Doc. 8);

    (2)    a Document that purports to be a "First Amended Complaint" (Doc. 9);

    (3)    a Document entitled "Waiver of Service" (Doc. 10);

    (4)    a Document entitled "Affidavit/for Petition for Writ of Habeas Corpus" (Doc. 11) that appears to provide the Court with his current address and contains several exhibits; and

(5) a Document entitled "Disposition for Release" (Doc. 12), in which he appears to seek release from prison and requests that the Court order the United States Marshal's Service to "take custody of the Defendants[,] place lien(s) on named Defendants(s) employment and bring Defendants to appear before a Federal Magistrate in the United States District Court."

On August 26, 2013, he filed:

(1) a Document entitled "Order to Compel" (Doc. 13), in which he appears to seek relief in his pending habeas corpus case, *Isham v. Luder*, 13-CV-8126-PCT-JAT (JFM), and the disclosure of documents; and

(2) a Motion for Consolidation (Doc. 14), seeking to consolidate this case with *Isham v. Mesquita*, 10-CV-2494-PHX-JAT (JRI), and *Isham v. Luder*, 13-CV-8126-PCT-JAT (JFM).

**I.    Applications to Proceed *In Forma Pauperis*, Filing Fee, and Document seeking "Waiver of Court Fees and Costs"**

The Court will grant Plaintiff's July 1 Application to Proceed *In Forma Pauperis*. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $12.50. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

The Court will deny as moot Plaintiff's July 5 Application to Proceed *In Forma Pauperis* and will deny Plaintiff's August 5 Document seeking a waiver of court fees and costs. Congress set the filing fee and did not give the Court the authority to waive it. *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) ("Under the [Prison Litigation Reform Act], all prisoners who file [*in forma pauperis*] civil actions must pay the full amount of the filing fee.").

. . . .

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

## III. Complaint

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims. The Court has reviewed Plaintiff's Complaint and concludes that it fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's Complaint is rambling, disorganized, disjointed, and virtually incoherent.

In addition, Local Rule of Civil Procedure 3.4 requires in part that "[a]ll complaints . . . by incarcerated persons must be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms." The court-approved form Complaint is six pages long and both the form Complaint and accompanying instructions permit an inmate to attach "**no more than fifteen additional pages**" of standard letter-sized paper. (Emphasis in original.).

1 Plaintiff's 82-page Complaint exceeds the page limitation and therefore fails to comply with Local Rule 3.4.

More importantly, however, Plaintiff's Complaint fails to state a claim because Plaintiff is seeking "release from an unlawful sentence and wrongful conviction(s)." Plaintiff is challenging the validity of his confinement. This is not the proper subject matter for a § 1983 action. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); s*ee also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). Moreover, "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, the Court will dismiss this action.[1]

### IV. Document entitled "First Amended Complaint"

Although Plaintiff has filed a Document that purports to be a First Amended Complaint, it is not. Plaintiff's statements in the Document are incoherent and do not constitute a First Amended Complaint. In the Document, Plaintiff alleges that he and Defendants are residents of Maricopa County and then alleges, as follows:

> That on June 5, 2013 received an independent action~Supplement Motion related Case No. CV-13-8126-PCT-JAT (JFM)
>
> Prompt disposition given criminal proceeding (FCRrP 50). The pursuant to Title 18 U.S.C.A. chapter 47 – sec 1028 fraud and related activity in connection with identification document[]s and information of concealment of facts.

---

[1] The Court notes that Plaintiff filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in *Isham v. Luder*, 13-CV-8126-PCT (JFM).

<blockquote>
The US Marshal's Service will then be responsible for service of process to the named Defendants(s): . . . .
</blockquote>

Thus, the Court will not consider the document as a First Amended Complaint.

**V.    Pending Documents and Motion to Consolidate**

In light of the Court's dismissal of this case, the Motion to Consolidate and all other pending Documents, to the extent they are seeking relief from the Court, are denied as moot.

**IT IS ORDERED:**

(1)    Plaintiff's July 1, 2013 Application to Proceed *In Forma Pauperis* (Doc. 4) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $12.50.

(3)    Plaintiff's July 5, 2013 Application to Proceed *In Forma Pauperis* (Doc. 6) is **denied**.

(4)    Plaintiff's August 5, 2013 Document entitled "Waiver of Court Fees and Costs" (Doc. 8) is **denied**.

(5)    The Court will not consider Plaintiff's August 5, 2013 "First Amended Complaint" (Doc. 9) as a First Amended Complaint.

(6)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(7)    All pending Documents (Docs 10, 11, 12, 13) and Plaintiff's Motion for Consolidation (Doc. 14) are **denied as moot**.

(8)    The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

(9)     The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 21st day of October, 2013.

_____
James A. Teilborg
Senior United States District Judge